EMMA HILL, APPELLEE, V. A. HOSPE COMPANY, APPELLANT.

FILED MAY 13, 1912.    No. 17,076.

Appeal: AFFIRMANCE. Where a judgment of the district court responds to the issues raised by the pleadings, and appears to be just as between the parties, a court of review may disregard any error in the pleadings or proceedings which does not affect the substantial rights of the appellant.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed on condition.*

*R. H. Hagelin,* for appellant.

*George A. Adams, contra.*

BARNES, J.

Action for damages alleged to have been sustained by plaintiff for a breach of contract for the sale or exchange

of pianos. The plaintiff was successful in justice court, and on appeal to the district court she had the verdict and a judgment for $150. To reverse that judgment the defendant has brought the case here by appeal.

By her petition the plaintiff alleged, in substance, that on or about the 5th day of June, 1908, she was the owner of a Brewster piano of the value of $250; that on or about that day the plaintiff purchased of and from the defendant a certain piano which was shown and exhibited to her, and for which she agreed to pay the sum of $475; that as part payment for said piano the defendant agreed to, and did, accept of her the Brewster piano; or, in other words, the plaintiff traded her piano to the defendant for a piano recommended to be a new, well-made, well-tuned, fully-equipped in every way, and a good-sounding first-class piano; that plaintiff turned over to the defendant her Brewster piano, and she gave her obligation to pay the balance at $8 a month to the defendant; that defendant showed the plaintiff a piano which they said was a new, well-built, well-tuned, and in every respect a perfect instrument, and guaranteed it to be first-class in quality, make and style; that defendant, instead of delivering to plaintiff a first-class and well-tuned, well-built, well-constructed, and first-class piano, delivered to her and placed in her home a comparatively worthless, old, patched-up, injured, damaged and worthless piano; that plaintiff relied upon the defendant's representations of the piano so traded for and purchased by her, and, relying upon said representations and guaranty, made said trade; that after plaintiff learned the character and condition of the piano she refused to make payments thereon, and ordered defendant to take back the same and furnish a piano in accordance with the contract; but the defendant wholly failed and refused so to do, and thereafter brought a replevin suit, and took from plaintiff the old, out-of-repair and out-of-date, and comparatively worthless piano, and defendant now has both of said pianos, all to plaintiff's damage in the sum of $200, for which she prayed judgment.

For answer to the petition the defendant alleged that on or about the 2d day of June, 1908, it sold and delivered to the plaintiff one Cable-Nelson piano at the agreed price of $375, and took as part payment therefor one old Brewster piano, and allowed the plaintiff, for the purpose of said sale, the sum of $200 therefor; that plaintiff and defendant, on that day, entered into a contract of conditional sale by which the plaintiff was to pay the balance of the purchase price at the rate of $8 a month; that the title to the Cable-Nelson piano was to remain in the defendant until the purchase price had been paid; that after entering into the contract of conditional sale the defendant discovered that one William Wiseman held a chattel mortgage on the Brewster piano for the sum of $50, and at plaintiff's request the defendant paid the said mortgage and secured a release thereof; that thereupon, on the 5th day of June, the plaintiff and the defendant entered into a new contract of conditional sale for said Cable-Nelson piano for the sum of $425, which included the purchase price for the Brewster piano and the $50 paid by the defendant to discharge the mortgage debt aforesaid; that the contract for the conditional sale provided that plaintiff was to pay the balance of the purchase price, including the $50 paid to discharge the mortgage lien, at the rate of $8 a month, and that the title to the said Cable-Nelson piano should remain in the defendant until the balance had been paid in full. It was further alleged that plaintiff failed and refused to make the payments, though frequently urged and requested so to do, and that on or about the 29th day of December, 1908, the defendant instituted a replevin suit in the justice court of Lancaster county, and on the 15th day of February, 1909, a judgment was duly rendered in favor of the defendant for the possession of the Cable-Nelson piano. Defendant therefore prayed that it go hence without day and recover its costs, and for a judgment against the plaintiff for $50, the sum paid to release the mortgage on the Brewster piano, with interest thereon at the rate of 7 per cent. per

annum, and for costs of suit. The reply was, in substance, a general denial. Upon the trial of the issues thus joined the plaintiff had judgment as above stated.

Appellant first contends that the court erred in receiving the testimony of one A. M. Bartram and one P. B. Eno, relating to the value of what is called the Cable-Nelson piano, and argues that the witnesses had not shown themselves competent to testify upon that subject. It would seem that this testimony was improperly received for two reasons: First, the value of the Cable-Nelson piano was not the matter at issue; second, it does not appear that the witnesses were qualified to testify as to the value of the piano. It seems clear, however, that this evidence did not prejudice the defendant, and for that reason its admission does not require a reversal of the judgment.

Defendant's second contention is that the court erred in refusing to strike out the answer to a question contained in the deposition of Beulah Hill, describing the condition of the Cable-Nelson piano. We think this testimony was both relevant and material, as tending to prove that the piano furnished plaintiff was not the one she examined at the defendant's place of business, and for which she had agreed to exchange her Brewster piano.

It is next contended that the court erred in refusing to strike the testimony of this witness relating to statements made by the party who called on the plaintiff to collect the instalments due upon her contract. It is argued that the testimony does not show that this person was an agent or employee of the defendant company. We think, on the whole, the evidence fairly tends to show that the person who sought to make the collections was the agent of and represented the defendant, and the motion to strike was properly overruled.

Error is assigned for refusing and giving certain instructions. We think there is no merit in this assignment. As we view the record, the instructions given in no way prejudiced the defendant's rights, and those refused would not have produced a different verdict.

Finally, it is contended that the verdict is not sustained by the evidence, and is contrary to law. An examination of the record satisfies us that, if the plaintiff and her witnesses were to be believed, she was entitled to recover; and, on the other hand, if the defendant's evidence is taken to be true, then the defendant should have had the verdict. It thus appears that the testimony was conflicting, and the verdict of the jury should not be set aside unless we can say it was clearly wrong.

It sufficently appears, however, that the judgment of the district court was neither unjust nor inequitable. Therefore, the case is one where we should apply the provisions of section 145 of the code, which reads as follows: "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Applying this rule, the judgment of the district court will be affirmed, if the plaintiff within 40 days from this date files a remittitur in this court for the sum of $8.75, which represents the interest on the $50 paid by defendant to release the mortgage on the Brewster piano, which the jury failed to include in their verdict. But, upon her failure to file such remittitur, the judgment of the district court will be reversed; and, in case of an affirmance, each party will be required to pay his own costs in this court.

AFFIRMED.